NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRUCE ARMSTRONG, | No. 20-17192 |
| Petitioner-Appellant, | D.C. No. 1:15-cv-01109-DAD-JDP |
| v. | |
| DEBBIE ASUNCION, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted November 16, 2021
San Francisco, California

Before: PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Bruce Armstrong appeals from the district court's order denying his petition

for a writ of habeas corpus, in which he challenges the state court's failure to hold

an evidentiary hearing to explore potential juror bias arising from the Facebook

"friendship" between one of Armstrong's jurors and a retired deputy district

attorney. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** The state court's decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1). None of the Supreme Court cases on which Armstrong relies entitled him to an evidentiary hearing. In *Smith v. Phillips*, 455 U.S. 209 (1982), the Court held that an evidentiary hearing "is sufficient" to satisfy due process concerns in some circumstances, *id.* at 218, but it did not define the circumstances in which an evidentiary hearing is required, much less hold that an evidentiary hearing is required "every time a claim of juror bias is raised." *Tracey v. Palmateer*, 341 F.3d 1037, 1045 (9th Cir. 2003). As we explained in *Tracey*, the holding in *Remmer v. United States*, 347 U.S. 227 (1954), is limited to the jury-tampering context, "where the potential effect on the jury is severe." *Tracey*, 341 F.3d at 1044. And *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548 (1984), has no bearing on this case because the juror in question did not answer any *voir dire* questions falsely. The state court did not unreasonably apply *Smith*, *Remmer*, or *McDonough* in concluding that an evidentiary hearing was not required in the circumstances presented here.

**2.** The state court's decision was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(2). On this front, Armstrong does not challenge the soundness of any of the state court's factual findings. He argues only that the state court's fact-finding *process* was unreasonable because

the court failed to grant him an evidentiary hearing.  That argument merely rehashes his legal contention that the Constitution required the state court to afford him an evidentiary hearing, and it fails for the reasons discussed above.

**AFFIRMED.**